**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Maria Teresa CHARRY CUBILLOS, a/k/a
Maria Charry–Rujaro; a/k/a Teresa
Charry; a/k/a Maria Rujano, Defen-
dant–Appellee.**

No. 95–50237.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1996.

Decided Aug. 6, 1996.

Miriam A. Krinsky, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellant.

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellee.

Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Maria Teresa Charry Cubillos pled guilty to the charge of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The district court departed downward from offense level 24 to level 21, resulting in a 14 month reduction in Cubillos's sentence. The district court sentenced Cubillos to 37 months imprisonment. The government appeals the district court's downward departure from the Sentencing Guidelines. The court based this departure on what it considered to be Cubillos's increased sentence severity resulting from her status as a deportable alien. She is ineligible for: 1) incarceration at a minimum security facility, and 2) community confinement. Someone not classified as a deportable alien is eligible for these placements. Community confinement can be for up to 10% of the sentence, but no more than six months. The government argues that this is an impermissible basis for departure. Cubillos argues the departure is needed "to avoid unwarranted sentence disparities."

## I.

In *Koon v. United States*, —— U.S. ——, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), decided after the district court's decision in this case, the Supreme Court established the appropriate standards for appellate review of a district court's decision to depart from the Guidelines. The Sentencing Commission formulated the Sentencing Guidelines "to apply to a heartland of typical cases." *Id.* at ——, 116 S.Ct. at 2044. The Guidelines then authorize "district courts to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Commission." *Id.*

The Guidelines do not mention "increased sentence severity resulting from deportable alien status" as a factor in sentencing.

> If a factor is unmentioned in the Guidelines, the [sentencing] court must, after considering the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole," decide whether it is sufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on factors not mentioned in the Guidelines will be "highly infrequent."

*Id.* at ——, 116 S.Ct. at 2045 (citation omitted).

■■■■ We review the district court's departure for abuse of discretion. *Id.* at ———— ——, 116 S.Ct. at 2046–47. A district court's decision to depart from the Guidelines is "due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Id.* However,

> [b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline[s]. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing.

*Id.*

## II.

Cubillos argues that the departure was warranted by "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The district court followed the holding in *United States v. Smith,* 27 F.3d 649 (D.C.Cir.1994), in which the D.C. Circuit articulated a test for determining when a departure is proper based on increased sentence severity resulting from deportable alien status.[1]

1. Although we have never had occasion to review a district court's decision to depart on this ground, we have held that "the district court exceed[s] its jurisdiction ... [b]y attempting to assert authority over the location of confinement." *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir.1984).

For a departure on such a basis to be reasonable the difference in severity must be substantial and the sentencing court must have a high degree of confidence that it will apply for a substantial portion of the defendant's sentence. Finally, as the defendant's status as a deportable alien is by no means necessarily unrelated to his just deserts, even a court confident that the status will lead to worse conditions should depart only when persuaded that the greater severity is undeserved.

*Id.* at 655. The court added that "the circumstances justifying a downward departure on account of the deportable alien's severity of confinement may be quite rare." *Id.*

Other circuits have held that this basis for departure is inappropriate. In *United States v. Restrepo,* 999 F.2d 640, 645 (2d Cir.1993) the court stated:

Considering the discretion that Congress has confided to the Bureau [of Prisons] and the reasonableness of the Bureau's consideration of the fact that the prisoner will be deported following the completion of his term of imprisonment, we think the court's disapproval of the Bureau's exercise of its discretion to deny that prisoner reassignment to a minimum-security facility is likewise an inappropriate basis for departure.

*See also United States v. Nnanna,* 7 F.3d 420, 422 (5th Cir.1993) ("Collateral consequences, such as ... ineligibility for more lenient conditions of imprisonment[ ] that an alien may incur following a federal conviction are not a basis for downward departure."); *United States v. Mendoza–Lopez,* 7 F.3d 1483, 1487 (10th Cir.1993) (We agree with the well reasoned decision of the Second Circuit [in *Restrepo* ].)

■ The government contends that "increased sentence severity resulting from deportable alien status" is an inappropriate basis for departure. After *Koon,* federal courts can no longer categorically proscribe a basis for departure—unless the Commission has proscribed, as a categorical matter, consideration of the factor. "Congress did not grant federal courts authority to decide what sorts of sentencing considerations are inappropriate in every circumstance." *Koon,* —— U.S.

at ——, 116 S.Ct. at 2050. "Thus, for the courts to conclude a factor must not be considered under any circumstance would be to transgress the policymaking authority vested in the Commission." *Id.* Rather, sentencing courts must now determine, under the facts and circumstances of each case, whether the factor takes the case outside of the "heartland."

[A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor. If the answer to the question is no-as it will be most of the time-the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland[.]

*Id.* at ——, 116 S.Ct. at 2051.

### III.

The Sentencing Reform Act gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The Bureau of Prisons "may designate any available penal or correctional facility ... that the Bureau determines is to be appropriate and suitable" considering, among other things, "the history and characteristics of the prisoner." *Id.* The Bureau has determined that a prisoner's "deportable alien" status is a Public Safety Factor requiring increased safety measures. Cubillos's status as a deportable alien is a Public Safety Factor unless she can show: (1) verified strong family/community ties in the U.S.; (2) verified history of domicile (five years or more) in the U.S.; and (3) verified history of stable employment in the U.S. She does not qualify for an exception. Public Safety Factors require increased security measures to insure the protection of society.

The Sentencing Reform Act also provides that the Bureau "shall, to the extent practicable, assure" that a prisoner spend some portion of the last 10% of term of imprisonment under conditions that will allow the prisoner to prepare for "re-entry into the community." 18 U.S.C. § 3624(c). A "deportable alien" is

not to be released back into the community. Pending deportation, the deportable alien must be released to the custody of the Attorney General. 8 U.S.C. § 1252(a)(2)(A). Since Cubillos will not "prepare for re-entry into the community," she is not eligible for community confinement under § 3624(c).

## IV.

■ The district court departed downward based on: 1) the more severe sentence it believed Cubillos would serve for a substantial part of her sentence, and 2) her ineligibility for community placement at the end of her sentence. "Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases[.]" *Koon,* —— U.S. at ——, 116 S.Ct. at 2046. After *Koon,* the district court is now required to consider the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole [to] decide whether [the factor] is sufficient to take the case out of the Guideline's heartland." *Id.* at ——, 116 S.Ct. at 2045 (citation omitted). "[T]he district court must make a refined assessment of the many facts bearing on the outcome." *Id.* at ——, 116 S.Ct. at 2046. We hold that the district court has not made findings sufficient to satisfy the requirements of *Koon.* We remand to the district court for further consideration of the "structure and theory" of the Guidelines taken as a whole and a "refined assessment of the many facts bearing on the outcome." The district court should consider why Cubillos is ineligible for minimum security and community confinement "bear[ing] in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be 'highly infrequent.' " *Id.* at ——, 116 S.Ct. at 2045.

**VACATED** and **REMANDED** for further factfinding.