UNITED STATES of America, Plaintiff,

v.

Cesar MORALES–MORALES, Defendant.

No. CRIM. 92–169(JP).

United States District Court,
D. Puerto Rico.

Sept. 9, 1997.

Asst. U.S. Atty., Hato Rey, PR, for Plaintiff.

César Morales Morales, San Juan, PR, pro se.

## ORDER

PIERAS, Senior District Judge.

On October 27, 1992, judgment was entered convicting the defendant, César Morales Morales, upon a plea of guilty, of aiding and abetting in the possession of cocaine with the intent to distribute same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to serve a term of imprisonment of one-hundred and twenty (120) months followed by a supervised release term of five (5) years, and payment of the mandatory special monetary assessment. (Docket Nos. 40–41).

Before the Court is defendant's request to be serve the remainder of his sentence in home confinement pursuant to 18 U.S.C. §§ 3582(c)(1)(B), 3621(b), and 3624(c), and Bureau of Prisons Program Statement 7310.0, which refers to "Community Corrections Center (CCC) Utilization and Transfer Procedure." (Docket No. 69). Defendant has not pursued his request administratively and requests to be exempted from exhaustion of administrative remedies due to "special circumstances," to wit: (1) that he has repented and reformed and is ready to assume a responsible role in Society; (2) that home confinement would enable him to supply love and care to his six children, ages 4 thru 17, and contribute to their social and emotional development, giving them economic support; (3) that his consensual partner since 1991 is suffering from uterine cancer and needs someone to take care of her; (4) that his case manager has expressed willingness to recommend him for participation in an electronic monitoring or home confinement program instead of halfway house custody.

18 U.S.C. § 3621(b) bestows upon the Bureau of Prisons primary authority to determine a prisoner's place of confinement, specifically mandating that, "[t]he Bureau of Prisons shall designate the place of a prisoner's imprisonment." It is well-settled that "federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 n. 3 (10th Cir.1992), *cert. denied*, 510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993) (citing cases). *See generally, United States v. Herb*, 436 F.2d 566, 568 (6th Cir.1971) ("any provision in a judgment that the federal sentence is to run concurrently with a state sentence is legally ineffective as an attempt by the Court to designate the place of confinement ... [and] is not binding on the Attorney General"); *Bateman v. United States*, 277 F.2d 65, 69–70 (8th Cir.1960) (inclusion of provision designating place of confinement ... would be treated as surplusage and disregarded); *Montos v. United States*, 261 F.2d 39, 40 (7th Cir.1958) (designation of place of confinement is no part of a judicial sentence and is nothing more than surplusage).

It stands to reason that 18 U.S.C. § 3624(c), has been construed as an administrative provision which allows the Bureau of Prisons to place sentenced prisoners, serving the last ten percent of their prison term (for a term not to exceed six months), in relaxed-security facilities or other pre-release conditions:

**Pre-release custody.** The Bureau of prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c) (1996).

The Court notes that defendant has not exhausted administrative remedies before

the Bureau of Prisons based on the provisions of Section 3624(c). *See, e.g.,* 28 C.F.R. §§ 542.10 *et seq.* (Administrative Remedy Procedure for Inmates); *United States v. Lucas,* 898 F.2d 1554, 1555 (11th Cir.1990) (stating that C.F.R. regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court" and that "exhaustion of administrative remedies is jurisdictional").

■ Aside from this procedural/jurisdictional bar, Section 3624(c)'s provisions do not confer prisoners the right to seek a particular form or place of pre-release custody. Also, "the statute does not in itself require the Bureau to ensure that all prisoners participate in such a program, but only to do so if practicable." *United States v. Restrepo,* 999 F.2d 640, 645 (2nd Cir.), *cert. denied,* 510 U.S. 954, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993). *See, e.g., United States v. Smith,* 27 F.3d 649, 654 (D.C.Cir.1994) (direction to Bureau of Prisons is "to the extent practicable," citing *Restrepo* in examining denial of community confinement to deportable aliens).

> Section 3624 is an administrative provision governing the release of adult prisoners from federal detention. It provides such logistical details as the day of the week that prisoners should be released and the procedures for giving credit for good behavior. It also requires that prisoners be functionally literate upon release and it directs the Bureau of Prisons to furnish clothing, money, and transportation to departing prisoners.

*United States v. Doe,* 53 F.3d 1081, 1083 (9th Cir.1995) (citations omitted).

Bureau of Prisons Program Statement No. 7310.01 is an internal directive which interprets Section 3624(c), allowing the Bureau of Prisons to place sentenced prisoners in community corrections centers recognizing that such centers meet Section 3621(b)'s definition of a penal or correctional facility. *See, e.g., Reno v. Koray,* 515 U.S. 50, 62–64, 115 S.Ct. 2021, 2028, 132 L.Ed.2d 46 (1995). Program Statement No. 7310.01 further provides that because, contrary to home confinement, confinement to such centers is deemed to be confinement to a "penal or correctional facility," the Bureau of Prisons "Is not restricted by Section 3624(c)" in designating inmates to community corrections center confinement for more than the last ten per cent, or more than six months, of their remaining sentence. The Bureau of Prisons is bound to observe the ten percent restriction, however, as to home confinement.

The Court views the place and manner of execution of defendant's sentence as a matter within the Bureau of Prisons' discretion. "Nothing in § 3624 indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period." *Prows, supra* at 469. This is supported by the Second Circuit Court of Appeals' rationale in *Prows, id.,* at 470, where it construed Section 3624(c) "as a legislative directive focusing on the development of conditions to facilitate the inmate's adjustment to free society ... accept[ing] as a premise that the broader authority scheme concerning the Bureau's general placement authority remains intact and effective."

■ Defendant, in tacit recognition of the Bureau of Prison's primary authority in this matter, requests that the Court relieve him from his duty to exhaust administrative remedies based on the personal family circumstances outlined above. (Docket No. 69 at 2–3).

The Court, however, must deny defendant's request as it is without jurisdiction to designate the manner and place of defendant's pre-release custody; primary authority to designate defendant's manner and place of confinement at any stage during execution of his prison sentence rests with the Bureau of Prisons, not with the Court.

**WHEREFORE,** all premises considered, defendant's motion to be serve the remainder of his sentence in home confinement is hereby **DENIED.**

**SO ORDERED.**