**UNITED STATES of America, Plaintiff,**

v.

**Rogelio Lopez SOTO, Defendant.**

**No. CR 95–91–6–FR.**

United States District Court, D. Oregon.

Sept. 16, 1997.

Kristine Olson, U.S. Atty., Charles Ball, Special Asst. U.S. Atty., Portland, OR, for Plaintiff.

Rogelio Lopez Soto, Eden Detention Center, Eden, TX, pro se.

### OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the motion of the defendant, Rogelio Lopez Soto, requesting the court to modify his sentence and/or issue an order of recommendation to the Immigration and Naturalization Service that he be deported six months prior to sentence expiration (# 115).

### BACKGROUND

On December 21, 1995, this court sentenced Rogelio Lopez Soto to a term of 46

months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release.

On December 29, 1995, Soto filed a notice of appeal. All briefs have been filed, and the appeal is pending in the United States Court of Appeals for the Ninth Circuit.

On July 28, 1997, Soto filed this motion requesting that the court modify his sentence to 40 months in order to allow him to be deported six months earlier. Soto contends that this court is authorized to make such a modification in order to adjust for the fact that if he was not an illegal alien, he would most likely be placed in a community confinement center upon completion of 90% of his sentence pursuant to 18 U.S.C. § 3624(c).

The government opposes modification of Soto's sentence on the grounds that an appeal is pending and a downward departure is not authorized.

## RULING OF THE COURT

A proper notice of appeal transfers jurisdiction from the district court to the court of appeals. *United States v. Garner*, 663 F.2d 834, 837 (9th Cir.1981). Except to correct a sentence pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure, the district court is without jurisdiction to modify a sentence pending on appeal. This court will not modify the sentence in this case which is on appeal.

Even if this court had jurisdiction to modify Soto's sentence in this case, the court would decline to depart downward in this case. The provision of 18 U.S.C. § 3624(c) that the "Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community" does not warrant a departure in this case where it is not practicable because Soto is an illegal alien and will be deported upon release from prison.

## CONCLUSION

Soto's motion requesting the court to modify his sentence and/or issue an order of recommendation to the Immigration and Naturalization Service that he be deported six months prior to sentence expiration (# 115) is DENIED.

IT IS SO ORDERED.