**UNITED STATES of America, Plaintiff,**

v.

**Michael Douglas THOMPSON, Defendant.**

**No. 2:97–00164–02.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 14, 1998.

Larry R. Ellis, Assistant U.S. Attorney, Charleston, WV, for plaintiff.

Michael Douglas Thompson, pro se.

### ORDER

HADEN, Chief Judge.

Pending is Defendant's "Emergency Motion Pursuant to 18 U.S.C. § 3563(b), (c) to Amend Sentence to Facilitate Community Corrections Placement in Lieu of the Bureau of Prisons Lack of Authority to Facilitate Recommendation by United States Attorney."

The Bureau of Prisons denied community corrections center or halfway house placement to the Defendant. Defendant sought appeal of this decision which was upheld by the staff at F.C.I. Ashland, where Defendant is held. Defendant attaches a letter signed by Larry Ellis, Assistant United States Attorney, demonstrating his recommendation that Defendant receive halfway house release. Once in receipt of the letter by Ellis, the Warden at F.C.I. Ashland continued to

ignore

maintain he was unable to allow placement in a halfway house under the Bureau of Prisons policy. Defendant represents his case manager continues to support halfway house placement and has advised him to seek this Court's modification of the sentence.

18 U.S.C. § 3621(b) gives the Bureau of Prisons primary authority to "designate the place of a prisoner's imprisonment." Defendant's motion more particularly concerns Section 3624(c), which reads in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten percentum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community.

Defendant has not exhausted his administrative remedies before the Bureau of Prisons based on the provisions of Section 3624(c). See e.g., 28 C.F.R. §§ 542.10, *et seq.*, (administrative remedy procedure for inmates). See also *U.S. v. Lucas*, 898 F.2d 1554, 1555 (11th Cir.1990) (stating that C.F.R. regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court" and that "exhaustion of administrative remedies is jurisdictional"); *U.S. v. Morales–Morales*, 985 F.Supp. 229, 230–31 (D.P.R.1997). Other courts have recognized that Section 3624 is an administrative provision rather than a statement of defendants' rights. See e.g. *U.S. v. Doe*, 53 F.3d 1081, 1083 (9th Cir.1995); *Morales–Morales*, 985 F.Supp. at 231.

Accordingly, the Court concludes it is without jurisdiction to entertain Defendant's motion and, therefore, **DENIES** the motion.

The Clerk is directed to send a copy of this Order to counsel, the Marshal for the District and the Probation Office of this Court.