Fernando **LIZARRAGA–LOPEZ**, Movant,

v.

**UNITED STATES of America,**
**Respondent.**

**Nos. 99CV2116–IEG, 94CR0309–IEG.**

United States District Court,
S.D. California.

Feb. 10, 2000.

Fernando L. Lizarraga–Lopez, Taft, CA, pro se.

U.S. Attorney CV, U.S. Attorney's Office, Civil Div., San Diego, CA, for U.S.

## ORDER (1) DENYING MOTION TO MODIFY SENTENCE AND/OR EARLY DEPORTATION; AND (2) DENYING CERTIFICATE OF APPEALABILITY [Doc. No. 174]

GONZALEZ, District Judge.

Movant Fernando Lizarraga–Lopez ("Lizarraga–Lopez"), a prisoner in federal custody proceeding *pro se*, brings this motion to modify his sentence in order to be deported five months prior to the expiration of his sentence, pursuant to the pre-release custody provisions of 18 U.S.C. § 3624(c). Upon receipt of Lizarraga–Lopez's motion, the Court finds that the matter is appropriate for summary disposition and thereby denies the motion without further briefing.

## BACKGROUND

On September 29, 1999, Lizarraga–Lopez filed a motion to modify his sentence based on 18 U.S.C. § 3624(c), which provides in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c). Lizarraga–Lopez argues that if his "status was one of resident alien or U.S. citizen, [he] almost likely would be placed in community confinement (halfway house) upon completion of 90% of

[his] sentence." (Def.'s Mot. at 1, ¶ 1.) Conceding that he is a deportable alien, Lizarraga–Lopez asks that the Court construe the eligibility of non-aliens to a five-month early release into community confinement as an eligibility of deportable aliens such as himself to a five-month early deportation. Lizarraga–Lopez argues that the general authority of the sentencing courts to make a downward departure under the Federal Sentencing Guidelines in order to adjust for "aggravating and mitigating circumstances" allows the Court to recommend his early deportation in this instance. Should the Court not deem him eligible for early release under 18 U.S.C. § 3624(c), then his sentence will be "much harsher than if [he] were an American Citizen or legal resident alien." (Def.'s Mot. at 2, ¶ C.) Lizarraga–Lopez cites *United States v. Smith*, 27 F.3d 649 (D.C.Cir.1994) in support of his request for relief. (Def.'s Mot. at 5.)

## DISCUSSION

### A. Character of Motion

█ Lizarraga–Lopez characterizes the instant filing as a "motion under 18 U.S.C. § 3582(c)(2) and Sentencing Guideline § 1B1.10 for reduction of sentence based on Guideline Amendment 371." (Def.'s Mot. at 3.) Both 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a) allow a defendant to challenge his sentence when the sentencing range upon which that sentence was based has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a). Amendment 371 provides additional guidelines for violations involving listed chemicals, flasks, and certain machines used to manufacture controlled substances. U.S.S.G. app. C, amend. 371 (1991). Lizarraga–Lopez was convicted of conspiracy to distribute cocaine under 21 U.S.C. §§ 841(a)(1) and 846, which are not affected by Amendment 371. More directly, Lizarraga–Lopez was sentenced by this Court on November 3, 1994, well after Amendment 371 went into effect. Thus,

there is no legal basis for this Court's reconsideration of his sentence under 18 U.S.C. § 3582(c)(2) or U.S.S.G. § 1B1.10(a).

■ In light of Lizarraga–Lopez's status as pro se litigant, the Court will further consider whether his instant motion might appropriately be brought under 28 U.S.C. § 2255.[1] A motion pursuant to 28 U.S.C. § 2255 provides for a challenge to a conviction or sentence on the ground that the district court was without jurisdiction or that its judgment violated the United States Constitution or the laws of the United States. 28 U.S.C. § 2255; *Tripati v. Henman,* 843 F.2d 1160, 1163 (9th Cir. 1988). Here, Lizarraga–Lopez seeks a downward departure, which is within the sentencing court's discretion but which does not implicate constitutional or jurisdictional issues with regard to his conviction or sentence. Such a failure to raise a constitutional or jurisdictional objection to his conviction or sentence renders Lizarraga–Lopez's instant motion under section 2255 deficient on its face. *Agostino v. United States,* No. 97 CIV. 1485(RJW), 1997 WL 220330, at *2 (S.D.N.Y. April 25, 1997) (finding that the relief sought by petitioner was unavailable under section 2255 because his motion raised "no more than a Guidelines claim which was not raised at the time of sentencing" and that he improperly relied on section 2255 to obtain a reduction in his sentence based on 18 U.S.C. § 3624(c) and his status as a deportable alien). To the extent that Lizarraga–Lopez challenges the propriety of his sentence based on the allegedly selective application of 18 U.S.C. § 3624(c), however, and not the execution of his sen-

tence by the Bureau of Prisons, the Court liberally construes Lizarraga–Lopez's motion as stating a colorable claim under section 2255. *United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984) (challenge to propriety of sentence must be brought under § 2255, while complaints about the manner of its execution are heard pursuant to § 2241); *Doganiere v. United States,* 914 F.2d 165, 169–70 (9th Cir.1990) (same).

**B. Downward Departure Based on 18 U.S.C. § 3624(c)**

■ Having interpreted Lizarraga–Lopez's motion as a challenge to the legality of his sentence, the Court now turns to the merits of the motion.[2] Under 18 U.S.C. § 3553(b), the sentencing court has the authority to make downward departures if "the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); *see also Koon v. United States,* 518 U.S. 81, 92–94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (citing § 3553(b) as permitting departure from the designated sentencing range for those circumstances falling outside the "heartland" of typical cases). The Ninth Circuit has interpreted the *Koon* "heartland" mandate as disallowing the sentencing court from categorically denying any grounds for departure that are not expressly excluded from consideration by the Sentencing Commission. *United States v. Sanchez–Rodriguez,* 161 F.3d 556, 560 (9th Cir.1998) (en banc). Instead, whether an unmentioned factor

---

1. The Ninth Circuit "ha[s] consistently held ... that courts should liberally construe the pleadings and efforts of pro se litigants." *United States v. Ten Thousand Dollars,* 860 F.2d 1511, 1513 (9th Cir.1988); *see also United States v. Johnson,* 988 F.2d 941, 943 (9th Cir.1993) (emphasizing that a mislabeled motion "is not necessarily fatal to maintaining [the prisoner's] claims").

2. The Court declines to hold a hearing on this matter based on its instant finding that Lizar-

raga–Lopez is not entitled to any relief under the circumstances. 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

provides a basis for downward departure requires a case-by-case determination. *United States v. Rodriguez–Lopez*, 198 F.3d 773, 776 (9th Cir.1999). Even so, "the court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be 'highly infrequent' " *Koon*, 518 U.S. at 96, 116 S.Ct. 2035 (citing U.S.S.G. ch. 1, pt. A, at 6 (1995)).

The Ninth Circuit has observed that the Guidelines do not specifically mention "increased sentence severity resulting from deportable alien status" as a factor to be considered in sentencing. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir.1996). Thus, in determining whether a defendant's status as a deportable alien takes the case outside of the "heartland" of 18 U.S.C. § 3624(c), the Ninth Circuit requires a case-specific analysis of pertinent factors such as how the defendant's ineligibility for community confinement comports with the "structure and theory" of the Sentencing Guidelines. *Charry Cubillos*, 91 F.3d at 1344. Additionally, as Lizarraga–Lopez points out, the D.C. Circuit has held that while a defendant's status as a deportable alien "renders him almost certainly ineligible for the benefits of 18 U.S.C. § 3624(c)," this status may be an offender characteristic encompassed as a "mitigating circumstance" within the meaning of 18 U.S.C. § 3553(b). *United States v. Smith*, 27 F.3d 649, 651 (D.C.Cir. 1994). The D.C. Circuit in *Smith* went on to remand the case to the district court after concluding that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence...." *Id.* at 655.

■ Applying these standards to the instant facts, this Court must look at Lizarraga–Lopez's particular circumstances to determine whether or not his case falls within the same ambit as prisoners who are not deportable aliens, yet who are eligible for home or community confinement under 18 U.S.C. § 3624(c). As a preliminary matter, the Court notes that the statute does not guarantee placement into community confinement for *any* federal prisoner *regardless* of citizenship status; rather, such placement is required only "to the extent practicable." 18 U.S.C. § 3624(c). Moreover, the Bureau of Prisons has been granted vast discretion by statute to determine the appropriate conditions under which a prisoner shall serve his or her sentence. 18 U.S.C. § 3621(b). Thus, it is unclear whether Lizarraga–Lopez has any "right" deserving protection by way of the instant 2255 motion. The Court recognizes the alternate possibility that Lizarraga–Lopez intends to make an Equal Protection argument, based on the greater likelihood that a non-citizen will be denied the opportunity to participate in a home or community confinement program. Even were the Court to read such a claim into Lizarraga–Lopez's motion, the Court would conclude that legitimate policy interests and Congress's plenary power over alien affairs provide sufficient reason to uphold this differential treatment. *Palafox–Barajas v. United States*, Nos. 99–0927–R, 98–1887–R, 1999 WL 1338451, at *4 (S.D.Cal., Dec.8, 1999). Furthermore, to allow Lizarraga–Lopez a five-month early release and deportation would grant him a windfall relative to those prisoners who are United States citizens, since Lizarraga–Lopez would be entirely free from custody while his counterparts remained in detention either at home or in a "halfway house." To this extent, his requested deportation undercuts the same parity argument he advances in support.

Assuming, arguendo, that 18 U.S.C. § 3624(c) confers any substantive right to be vindicated by habeas relief, this Court's discretionary decision not to apply the statute on Lizarraga–Lopez's behalf does not violate the "heartland" standard articulated in *Koon* and its progeny. First, the statute itself suggests that prisoners in Lizarraga–Lopez's position were duly contemplated and deliberately excluded from early release programs. The stated function of the statute is to prepare the prisoner for "re-entry into the community." 18 U.S.C. § 3624(c). Thus, by its terms, the

statute disfavors deportable aliens; indeed, the United States has no policy interest whatsoever in facilitating the reintroduction of non-citizen convicts into foreign communities. It is also relevant that deportable aliens, such as Lizarraga–Lopez, are not released back into the general population at the end of their penal confinement, but into the custody of the Attorney General. 8 U.S.C. § 1252(a)(2)(A). Since such persons hardly "prepare for reentry into the community," they are held not to be eligible for community confinement under 18 U.S.C. § 3624(c). *Charry Cubillos,* 91 F.3d at 1344–45. The "to the extent practicable" caveat in Section 3624(c) further indicates that deportable aliens were meant to be relegated from the purview of the statute, given the greater logistical problems presented by the risk of flight. *Cf. United States v. Soto,* 976 F.Supp. 1367, 1368 (D.Or.1997) (declining to downward depart under 18 U.S.C. § 3624(c) on grounds that defendant's status as deportable alien rendered his confinement in a halfway house or home "not practicable"). Finally, in light of the sheer number of deportable aliens sentenced in federal court, the Court finds it difficult to believe that Congress was unaware of persons in Lizarraga–Lopez's position in drafting Section 3624(c). *United States v. Angel–Martinez,* 988 F.Supp. 475, 483–84 (D.N.J.1997). Taken together, these factors compel the conclusion that Lizarraga–Lopez's status as deportable alien was squarely within the "heartland" of the Sentencing Guidelines and was specifically accounted for in the early release statute. *Cf. United States v. Davoudi,* 172 F.3d 1130, 1134 (9th Cir. 1999) (upholding same district court determination on similar facts)

As a final matter, the Court finds that Lizarraga–Lopez's status is not "likely to cause a fortuitous increase in the severity

of his sentence" in contravention of *Smith,* 27 F.3d at 655. Other courts have held generally that the denial of placement in a halfway house or home detention does not significantly enhance the severity of a defendant's sentence. *Palafox–Barajas,* 1999 WL 1338451, at *2. In the instant case, the length of time protested by Lizarraga–Lopez is a mere six months in relation to a 78 month sentence, during which he will remain in prison custody while *some* prisoners who are not deportable aliens *might* be placed in home or community detention. Given the comparatively minor qualitative and quantitative differences between Lizarraga–Lopez and prisoners with U.S. citizen or resident alien status, the Court finds that his deportable alien status is not a "mitigating circumstance" within the meaning of 18 U.S.C. § 3553(b). Accordingly, the Court denies Lizarraga–Lopez's motion for modification of his sentence and/or early deportation.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Lizarraga–Lopez's motion pursuant to 28 U.S.C. § 2255 in its entirety. The Court likewise **DENIES** Lizarraga–Lopez's request that he be deported five months before the expiration of his full term of incarceration. Additionally, the Court will not issue a certificate of appealability, as Lizarraga–Lopez has not made a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").[3]

**IT IS SO ORDERED.**

---

3. The Ninth Circuit has not defined what constitutes a "substantial showing" sufficient to justify issuing a certificate. *E.g., United States v. Cruz–Mendoza,* 147 F.3d 1069, 1074 n. 8 (9th Cir.1998), *modified on other grounds,* 163 F.3d 1149 (9th Cir.1998). Prior to the

enactment of the Anti–Terrorism and Effective Death Penalty Act, which implemented section 2253, a person could only receive appellate review if the district court or court of appeals issued a "certificate of probable cause" ("CPC"). 28 U.S.C. § 2253 (1994).

In order to obtain a CPC, the person was required to make a substantial showing of the denial of a federal right. *Barefoot v. Estelle*, 463 U.S. 880, 892–93, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). While the Ninth Circuit has suggested in dicta that the standard for issuing a COA is higher than that for issuing a CPC, *Greenawalt v. Stewart*, 105 F.3d 1268, 1272–73 (9th Cir.1997), Lizarraga–Lopez fails to meet even the CPC showing, *Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. 3383 ("In requiring a question of some substance, or a substantial showing of the denial of [a] federal right ... the petitioner ... must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.").