**Thomas GAMBINO, Petitioner,**

**v.**

**Susan GERLINSKI, Warden, Low Security Correctional Institution— Allenwood, Respondent.**

**No. 3:CV–99–2253.**

United States District Court, M.D. Pennsylvania.

April 6, 2000.

---

Charles P. Gelso, Wilkes–Barre, PA, Peter Goldberger, Ardmore, PA, Michael Rosen, New York City, for petitioner.

Dulce Donovan, U.S. Attorney's Office, Williamsport, PA, for respondent.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 11, 1993, Thomas Gambino was found guilty of a substantive violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), and conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d). On October 29, 1993, Gambino was sentenced to pay a $100,000 fine and serve 60 months in the custody of the Bureau of Prisons. Gambino was released on bail pending the appeal of his conviction. Gambino's appeal was not successful and on January 3, 1996, he reported to the Low Security Correctional Institution at Allenwood in White Deer, Pennsylvania. By that date Gambino had paid his fine in full. His sentence is due to expire on May 10, 2000.

On December 29, 1999, Gambino initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is based on the claim that 18 U.S.C. § 3624(c) provides him with "a right to some 'reasonable' period of halfway house or home confinement before his sentence expires, 'if practicable.' " [1] (Petitioner's Reply to Respondent's Brief in Opposition to Objections to Magistrate Judge's Report and Recommendation,

---

1. Although Gambino's petition originally included a second claim alleging that the Respondents had reassigned him to more rigorous work in retaliation for his pursuit of relief on his first claim, he has withdrawn the second claim.

**458**

page 3) Gambino specifically contends that the Respondents' refusal to transfer him to a halfway house or to home confinement for some period within the last 10% of his sentence violates both 18 U.S.C. § 3624(c) and his Fifth Amendment due process rights.

The Clerk of Court assigned this case to us on December 30, 1999, but referred it to Magistrate Judge Blewitt for preliminary consideration. On March 8, 2000, the Magistrate Judge issued a report recommending, *inter alia,* "that the portion of Gambino's petition relating to pre-release custody be remanded to the Bureau of Prisons for proper consideration of Petitioner's eligibility for home confinement." (Report and Recommendation, pg. 7)

On March 23, 2000, · Gambino filed an objection to that report and recommendation. After granting Gambino's motion for expedited briefing of his objection, the matter became ripe for disposition upon the filing of Gambino's reply brief on April 4, 2000.

 When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. *United ed States vs. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); 28 U.S.C. § 636(b)(1); M.D.Pa. Local Rule 72.3.

 It is well-settled that "[a] necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975) (citing 28 U.S.C. § 2241). We first consider whether Gambino has established that predicate via a constitutional violation.

The United States Supreme Court has repeatedly said both that prison officials have broad administrative and discretionary authority over the institutions they manage and that lawfully incarcerated persons retain only a narrow range of protected liberty interests.... "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." ... Thus, there is no "constitutional or inherent" right to parole, ..., and "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison," ... despite the undoubted impact of such credits on the freedom of inmates. Finally, in *Meachum v. Fano, supra.,* 427 U.S. [215,] 223, 96 S.Ct. [2532,] 2538, [49 L.Ed.2d 451], the transfer of a prisoner from one institution to another was found unprotected by "the Due Process Clause in and of itself," even though the change in facilities involved a significant modification in conditions of confinement, later characterized by the Court as a "grievous loss."

*Hewitt vs. Helms,* 459 U.S. 460, 467–68, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983) (citing *Moody v. Daggett,* 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)). The Court in *Hewitt* summarized those decisions as holding that

[a]s long as the conditions or degree of confinement ·to which the prisoner is subjected is within ·the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.

Id. at 468, 103 S.Ct. 864.

Title 18 U.S.C. § 3624 is entitled "Release of prisoner." Sub-section (c) of that section, entitled "Pre-release custody," provides in relevant part that

[t]he Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable

opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this sub-section may be used to place a prisoner in home confinement.

■ The Respondents' refusal to bestow upon Gambino any benefit described in § 3624(c) falls within the scope of the Supreme Court precedent cited above. That refusal does not amount to a violation of Gambino's due process rights. *See Lyle vs. Sivley*, 805 F.Supp. 755, 760 (D.Ariz. 1992).

■ The only other potential predicate for awarding Gambino any habeas relief is a showing that his current custody violates the above statute. *See Rose v. Hodges, infra.* In order for a statute to confer a liberty interest it must be "explicitly mandatory" and provide for "specified substantive predicates" which dictate a substantive result. *Hewitt*, 459 U.S. at 471–472, 103 S.Ct. 864; *Tony L. v. Childers*, 71 F.3d 1182 (6th Cir.1995), *cert. denied*, 517 U.S. 1212, 116 S.Ct. 1834, 134 L.Ed.2d 938 (1996). A statute which expresses non-binding procedural guidelines alone does not create a protectable interest. *Culbert v. Young*, 834 F.2d 624, 628 (7th Cir.1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988); *E.B. v. Verniero, et al.*, 119 F.3d 1077, 1105 n. 26 (3d Cir.1997). The sole issue is whether 18 U.S.C. § 3624(c) dictates a substantive result or merely expresses non-binding guidelines.

Gambino asserts that 18 U.S.C. § 3624(c) requires the Bureau of Prisons to provide him with some amount of time, during the last ten percent of his sentence, in pre-release confinement (e.g., a halfway house or home confinement).

Our research indicates that neither the United States Supreme Court nor the Court of Appeals for the Third Circuit has addressed the issue currently before us. However, one other Court of Appeals and five District Courts have considered it.

In *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir.1992), *cert. denied*, 510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993), the Court of Appeals for the Tenth Circuit reasoned and concluded that

> [w]hile there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.

*Id.* at 469 (citing *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir.1991)). Each district court which has addressed the issue has reached the same conclusion. *Lizarraga–Lopez v. U.S.*, 89 F.Supp.2d 1166 (S.D.Cal.2000) (holding that no relief is available pursuant to § 2255 based on alleged violation of § 3624(c) because it does not guarantee placement into community confinement for any federal prisoner and noting that Bureau of Prisons has been granted vast discretion to determine appropriate conditions under which prisoner shall serve his or her sentence); *U.S. v. Morales–Morales*, 985 F.Supp. 229, 231 (D.Puerto Rico 1997) (§ 3624(c) does not confer upon prisoners the right to seek a particular form or place of pre-release custody); *U.S. v. Mizerka*, 1992 WL 176162 (D.Or. July 16, 1992) (no habeas corpus relief based on an alleged violation of § 3624(c) because that section does not require the Bureau of Prisons to provide for confinement in a community corrections center prior to the end of the term of imprisonment); *Flisk v. U.S. Bureau of Prisons, et al.*, 1992 WL 80523 (N.D.Ill. April 10, 1992) (no relief available pursuant to § 2255 based on alleged violation of § 3624(c) because that section is not mandatory); *Lyle vs. Sivley*, 805 F.Supp. 755 (D.Ariz.1992) (habeas corpus relief denied because, *inter alia*, § 3624(c) does not create a protected liberty interest).

Each of those courts has decided that § 3624(c) does not create a liberty interest because it "refers to no [mandatory] procedures. It is instead a broadly worded statute setting forth a general policy to

guide the prison system." *Badea v. Cox*, 931 F.2d 573, 576 (9th Cir.1991). We agree with the conclusion unanimously reached by those courts and have found no case in which a court has reached a result inconsistent with those cited.

Gambino has failed to state a claim for relief because he has not shown that his confinement is in violation of the constitution or any federal law.

NOW, THEREFORE, IT IS
ORDERED THAT:

1. Gambino's petition for writ of habeas corpus (Document 1) is denied.

2. The telephonic status conference to be held on Friday, April 7, 2000, at 4:00 p.m., is now moot and is cancelled.

3. The Clerk of Court shall forthwith transmit a copy of this order by FAX to the offices of those counsel who may be so reached, shall read the dispositive provisions to other counsel over the telephone, and shall mail a copy to each counsel.