UNITED STATES of America,

v.

Mark D. SHIPLEY.

No. Crim. 02–219.

United States District Court,
W.D. Pennsylvania.

Oct. 3, 2003.

Joseph E. Ferens, Jr., Waggoner & Ferens, Uniontown, PA, for defendant.

Nelson P. Cohen, Pittsburgh, PA, for United States of America.

## *MEMORANDUM ORDER*

COHILL, Senior District Judge.

Petitioner Mark D. Shipley has filed a Motion For Modification of Sentence and the government has filed a response opposing the motion. Petitioner moves the Court to modify his sentence to permit him to serve the remainder of his sentence in the community corrections home confinement program, or, in the alternative, in a Community Corrections Center.

Petitioner pled guilty to a two-count information charging him with one count of mail fraud in violation of 18 U.S.C. § 1341, and one count of wilfully failing to file an income tax return in violation of 26 U.S.C. § 7203. He was sentenced to fifteen months' imprisonment on Count One, and 12 months' imprisonment on Count Two, to be served concurrently for a total of 15 months. He began serving his sentence on March 12, 2003, and is currently imprisoned at the Federal Correctional Institute at Morgantown, West Virginia.

According to Petitioner, the United States Attorney, petitioner and his counsel agreed that the petitioner would serve 7 months of his 15 month sentence at FCI–Morgantown, followed by 6 months in a community corrections center, and the remaining two months would not be served due to petitioner's good behavior. The Government notes that during negotiations

basis of Hambrick's allegedly false testimony at the license revocation hearing.

of the plea agreement, it was explicitly discussed that the Bureau of Prisons is a separate, independent agency with its own policies and procedures concerning the placement and movement of prisoners, and that once a defendant is remanded to the Bureau of Prisons, custody decisions like the one petitioner seeks to have this court make are matters committed to the authority of the Bureau of Prisons. *See, e.g.,* 18 U.S.C. §§ 3621–3624.

■ Section 3621(b) of 18 United States Code states in relevant part that the Bureau of Prisons may consider "any statement by the court that imposed the sentence ... concerning the purposes for which the sentence to imprisonment was determined to be warranted ... or ....  recommending a type of penal or correctional facility as appropriate." The actual placement of the prisoner is a matter within the discretion of the Bureau of Prisons.

■ Section 3624(c) states as follows:

**(c) Pre-release custody.**—The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c). By its own terms, section 3624(c) concerns the Bureau of Prison's authority over a prisoner's "pre-release custody," including a placement in home confinement. Section 3624(c) " 'refers to no [mandatory] procedures. It is

instead a broadly worded statute setting forth a general policy to guide the prison system.' " *Gambino v. Gerlinski,* 96 F.Supp.2d 456, 459 (M.D.Pa.2000), *affirmed,* 216 F.3d 1075 (3d Cir.2000), quoting *Badea v. Cox,* 931 F.2d 573, 576 (9th Cir.1991). The unanimous view among the district courts is that

"[w]hile there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."

*Gambino,* 96 F.Supp.2d at 459, quoting *Prows v. Federal Bureau of Prisons,* 981 F.2d 466, 469 (10th Cir.1992), *cert. denied,* 510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993). "Each district court which has addressed this issue has reached the same conclusion." *Gambino,* 96 F.Supp.2d at 459 (citing cases). We agree and conclude that a pre-release custody placement like the one sought by petitioner is a matter committed to the authority of the Bureau of Prisons.

■ The Government also notes that the petitioner primarily bases his motion on the premise that he would return to his former position and thereby pay restitution faster. The Government, however, describes the nature of the offense in Count One, which involved petitioner's scheme to defraud Medicare and Medicaid by submitting claims for reimbursement for ambulance services that were not medically necessary, and for submitting those claims while he was excluded from participating in those programs. He was excluded from participation because of a similar fraud against Medicare and Medicaid. Because of these two convictions of Medicare

and Medicaid fraud, petitioner is virtually barred from returning to his former employment in a meaningful capacity. *See* Government's Response Brief, at 4–7 (citing 55 Pa.Code § 1101.77(c)(2) & 42 C.F.R. § 1001.101). We offer no opinion on this issue, but note that it undercuts the primary motivation of petitioner's motion to modify his sentence.

AND NOW, this *3rd* day of October 2003, it is HEREBY ORDERED, ADJUDGED, and DECREED that defendant's Motion for Modification of Sentence (**Doc.14**) be and hereby is DENIED.