**Emil FAGIOLO, Petitioner,**

v.

**Warden SMITH, Respondent.**

**No. CIV.A. 3:04–CV0148.**

United States District Court, M.D. Pennsylvania.

March 12, 2004.

Emil Fagiolo, Lewisburg, PA, pro se.

Dennis Pfannenschmidt, Harrisburg, PA, for Respondent.

### MEMORANDUM AND ORDER

CONABOY, District Judge.

Petitioner filed this habeas corpus petition *pro se* on January 21, 2004, pursuant to 28 U.S.C. § 2241. Petitioner seeks "Immediate Half-way House designation and Home Detention at his ten (10%) percent date." (Doc. 1 at 1.)

## Background

The following facts are not disputed. On July 19, 2002, Petitioner was sentenced in the United States District Court for the District of Maryland under Zone D of the United States Sentencing Guidelines. He is currently confined at the Federal Prison Camp in Lewisburg, Pennsylvania. Factoring good time credits, Petitioner is scheduled for release on September 22, 2004. Ten percent of his term will be remaining as of July 6, 2004. Petitioner has been approved for Community Confinement Center ("CCC") placement beginning on July 6, 2004. He has secured a place of residence and employment upon his release.

## Discussion

Petitioner seeks to have the Court order his transfer to a CCC on March 22, 2004, arguing that he is entitled to CCC placement as of this date because this is when he has six months left to serve. (Doc. 1, Doc. 7.) He disputes the Federal Bureau of Prisons' ("BOP") current policy of limiting CCC placement to the last 10% of a prisoner's sentence (not to exceed six months), citing 18 U.S.C. § 3624(c) and BOP Policy Statement 7310.04 in support. (*Id.*)

Respondent contends that Petitioner's action should be dismissed for failure to exhaust administrative remedies. (Doc. 6 at 6–9.) Addressing the merits of Petitioner's claim, Respondent argues that the BOP's current policy of limiting CCC placement to the last 10% of a prisoner's term, not to exceed six months, is consistent with the Department of Justice's ("DOJ") interpretation of 18 U.S.C. § 3624(c). (*Id.* at 9–14.)

Based on Respondent's exhaustion argument, we must first decide if the case is properly before the Court.

## A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ We concur with Chief Judge Thomas I. Vanaskie's determination that "the prudential exhaustion of administrative remedies requirement should be waived as an exercise in futility." *Serafini v. Dodrill*, 325 F.Supp.3d 535, No. 3:CV–04–311, at 7 (M.D.Pa. Feb. 11, 2004)(interim Order)(citing *Zucker v. Menifee*, No. 03–CIV–10077, 2004 WL 102779, at *4 (S.D.N.Y. Jan.21, 2004); *Colton v. Ashcroft*, 299 F.Supp.2d 681, 690 (E.D.Ky. 2004); *Monahan v. Winn*, 276 F.Supp.2d 196, 205 (D.Mass.2003); *Iacaboni v. United States*, 251 F.Supp.2d 1015, 1017 n. 1 (D.Mass.2003)). Addressing issues either identical or similar to those presented here, these courts have concluded that exhaustion would be futile because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c). *See, e.g., Monahan*, 276 F.Supp.2d at 205. Because we agree with this reasoning, Petitioner's action is properly before this Court and we will address the merits of his petition.

## B. MERITS OF PETITIONER'S ACTION

Petitioner's requested relief requires us to determine both the period of time for which the BOP may consider placing a prisoner in a CCC and whether such placement is an entitlement or discretionary. The issues presented involve the interpretation of the BOP's authority under 18 U.S.C. § 3624(c) and 18 U.S.C. § 3621, and whether the BOP's authority was in any way diminished by the Office of Legal Counsel's ("OLC") December 13, 2002, Memorandum Opinion to the United States Deputy Attorney General.

These issues have been widely and amply written on by a variety of courts around the nation, including the Middle

District of Pennsylvania. *See Serafini v. Dodrill,* 325 F.Supp.3d 535 (M.D.Pa. Feb. 23, 2004); *Gambino v. Gerlinski,* 96 F.Supp.2d 456 (M.D.Pa.2000).[1] Here we are not going to write at great length because we concur with the analyses and conclusions in *Serafini* and *Gambino* and, given Petitioner's March 22, 2004, six-month date, there is an exigency to this matter.

### 1. BOP's CCC Placement Policy

■ 18 U.S.C. § 3624(c) and 18 U.S.C. § 3621(b) are the statutory provisions involved in the determination of the correctness of the BOP's current policy of limiting placement in a CCC to the last 10% of a prisoner's sentence, not to exceed six months.

Section 3624(c) provides in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c).

Section 3621(b) addresses a convicted person's place of imprisonment and includes a general grant of authority allowing the BOP to designate the place of imprisonment:

> The Bureau of Prisons shall designate the place of a prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise ... that the Bureau determines to be appropriate and suitable, considering [five enumerated considerations].

18 U.S.C. § 3621(b).

The OLC's December 13, 2002, Memorandum Opinion to the United States Deputy Attorney General opined that 18 U.S.C. § 3621 does "not give the BOP the general authority to place the offender in community confinement from the outset of his sentence or to transfer him from prison to community confinement at any time BOP chooses during the course of his sentence." (Doc. 7, Ex. C at 8.) In a footnote in the opinion, the OLC also advised that the "[t]he authority conferred under section 3624(c) to transfer a prisoner to a non-prison site is clearly limited to a period 'not to exceed six months, of the last ten per centum of the time to be served,' ... and we see no basis for disregarding this time limitation." (*Id.* at 7 n. 6.) The BOP subsequently announced a procedure change limiting pre-release CCC transfers governed by 18 U.S.C. § 3624(c): where previously the BOP followed a practice of placing prisoners in CCCs for the last six months of their sentences, regardless of the length of their sentences, it would now limit pre-release CCC designation to the last 10% of an inmate's prison term, not to exceed six months.[2] (Doc. 6 at 3–5.)

---

1. We attach the *Serafini* Memorandum and Order and the *Gambino* Order.

2. Petitioner cites BOP Program Statement 7310.04 as support for his position that he should be transferred to a CCC on his six-month date, March 22, 2004. (Doc. 1 at 3–4.)

Entitled "Community Corrections Center (CCC) Utilization and Transfer Procedures," the program statement instructs that "the Bureau is not restricted by § 3624(c) in designating a CCC for more that the 'last ten per centum of the term,' or more than six months, if appropriate." BOP Program Statement

On the issue of the correctness of the BOP's current policy, we have reviewed the relevant case law and adopt the reasoning and conclusion of Chief Judge Vanaskie as set forth in *Serafini* and the cases upon which he relies. *Serafini*, 325 F.Supp.3d 535, No. 3:CV–04–311, at 7–9 (M.D.Pa. Feb. 23, 2004).

Having examined the case law on both sides of this issue, I am persuaded by the rationale expressed by those courts that have invalidated the position currently being taken by the BOP, particularly the reasons expressed in *Zucker [v. Meniff]*, 2004 WL 102779, at *7–10, *Cotton*, 2004 WL 86430, at *9–10, *Cato [v. Menifee]*, 2003 WL 22725524, at *4–6, and *Monahan*, 276 F.Supp.2d at 205–22. If a CCC placement counts against a prison term, and the authority to designate a suitable "correctional facility" includes a CCC, as has been recognized for years, then the BOP necessarily has the authority to designate a CCC for more than the last 10% of an inmate's prison term. Decisions dealing with CCC placement in a split sentence context, in which the law directs that some part of the sentence be "imprisonment," are not applicable to the situation presented here. That case law implies an intent on the part of Congress to preclude CCC placement in split sentences. But there is nothing in the statutory scheme that supports an inference that Congress did not intend to authorize CCC placement in other contexts or for more that 10% of a prison term. Had Congress intended otherwise, it would not have delegated to the BOP the au-

thority to place an inmate in *any* appropriate corrections facility.

*Serafini*, 325 F.Supp.3d 535, No. 3:CV–04–311, at 8–9 (M.D.Pa. Feb. 23, 2004).

■ Having adopted this reasoning, it follows that the BOP's former practice of placing prisoners in CCCs for the last six months of their sentences, regardless of the length of their sentences, remains valid. Thus, Petitioner is entitled to consideration for CCC placement as of March 22, 2004.

### 2. Petitioner's Entitlement to CCC Placement and/or Home Confinement

■ Although the BOP has the authority to place a prisoner in a CCC for more than the final 10% of his sentence, it does not necessarily follow that a prisoner is entitled to such placement. We agree with those cases in the Middle District that have held that a prisoner is not entitled to placement in a CCC or home confinement pursuant to 18 U.S.C. § 3624(c). *Serafini*, 325 F.Supp.2d at 535, No. 3:CV–04–311, at 3 (M.D.Pa. Feb. 23, 2004); *Gambino v. Gerlinski*, 96 F.Supp.2d 456, 459–60 (M.D.Pa.2000), *aff'd*, 216 F.3d 1075 (3d Cir.2000)(unpublished table opinion).

On this issue, we adopt the reasoning set forth in *Gambino*, including the following summary:

> In *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir.1992), *cert. denied*, 510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993), the Court of Appeals for the Tenth Circuit reasoned and concluded that

7310.04 at 4 (issued December 16, 1998)(available at *www.bop.gov*). The statement's "CCC and Referral Guidelines" section sets out factors to be considered and provides in the first guideline that "[a]n inmate may be referred up to 180 days." *Id.* at 7–8.

Respondent maintains that Program Statement 7310.04 is inapplicable because it was promulgated prior to the OLC's December 2002 Memorandum. (Doc. 6 at 14.)

[w]hile there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.

*Id.* at 469 (citing *United States v. Laughlin,* 933 F.2d 786, 789 (9th Cir. 1991)). Each district court which has addressed the issue has reached the same conclusion. *Lizarraga–Lopez v. U.S.,* 89 F.Supp.2d 1166 (S.D.Cal.2000)(holding that no relief is available pursuant to § 2255 based on alleged violation of § 3624(c) because it does not guarantee placement into community confinement for any federal prisoner and noting that Bureau of Prisons has been granted vast discretion to determine appropriate conditions under which prisoner shall serve his or her sentence); *U.S. v. Morales–Morales,* 985 F.Supp. 229, 231 (D.Puerto Rico 1997)(§ 3624(c) does not confer upon prisoners the right to seek a particular form or place of pre-release custody); *U.S. v. Mizerka,* 1992 WL 176162 (D.Or. July 16, 1992)(no habeas corpus relief based on an alleged violation of § 3624(c) because that section does not require the Bureau of Prisons to provide for confinement in a community corrections center prior to the end of the term of imprisonment); *Flisk v. U.S. Bureau of Prisons,* 1992 WL 80523 (N.D.Ill. April 10, 1992)(no relief available pursuant to § 2255 based on alleged violation of § 3624(c) because that section is not mandatory); *Lyle v. Sivley,* 805 F.Supp. 755 (D.Ariz.1992)(habeas corpus relief denied because, inter alia, § 3624(c)

does not create a protected liberty interest).

*Gambino,* 96 F.Supp.2d at 459.

Because 18 U.S.C. § 3624(c) does not mandate placement in a CCC or home confinement, but rather expresses non-binding guidelines, Petitioner is not entitled to CCC placement or home confinement.

### *Conclusion*

Based on the foregoing, Petitioner is not entitled to CCC placement or home confinement for any set period of time. However, he is entitled to have the BOP consider transferring him to a CCC under the policy in place prior to the policy change stemming from the December 13, 2002, OLC Memorandum. An appropriate Order follows.

### *ORDER*

AND NOW, this 12th day of March 2003 for the reasons set forth in the accompanying Memorandum, it is hereby ordered that:

1. The Petition for Writ of Habeas Corpus, (Doc. 1), is **GRANTED in PART and DENIED in part;**

2. The Petition is **GRANTED** insofar as Petitioner is to be considered for release to a community confinement center as of March 22, 2004;

3. The Petition is **DENIED** in that Petitioner is not entitled to Court-ordered transfer to a community confinement center or to placement in such a center for any set period of time;

4. Within fifteen (15) days from the date of this Order, Respondent shall, in good faith, consider Petitioner for community corrections center placement in accordance with the factors

taken into account by the Federal Bureau of Prisons prior to December 2002;

5. No later than April 2, 2004, Respondent shall file with this Court a written report setting forth the results of its consideration of placement of Petitioner in a community corrections center for the remaining balance of his prison term.

6. The Clerk of Court is directed to close this case.