IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-2219
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFF NNANNA,
a/k/a JOHNIE D. TRAVIS ETC.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -
(November 1, 1993)

Before POLITZ, Chief Judge, and SMITH and WIENER, Circuit Judges.

PER CURIAM:

Ochuru Ochuru, a/k/a Cliff Nnanna (Nnanna), has appealed his sentence following his guilty plea conviction for bank fraud. Nnanna, a Nigerian national, was involved in a wide-ranging scheme in which he and other Nigerian males opened fraudulent bank accounts into which they deposited stolen corporate checks for large sums. Nnanna withdrew approximately $90,000 from these accounts before he was arrested.

Nnanna filed a number of objections to the Pre-sentence Investigative Report (PSR), including several objections to the probation officer's calculation of the amount of intended loss. The probation officer accepted several of Nnanna's objections and revised the amount of the intended loss downward, with the result

that Nnanna's sentence range under the guidelines was reduced from 21-27 months to 18-24 months. The probation officer rejected other objections as not supported by the record and noted that most of the rejected objections were irrelevant to the computation of Nnanna's sentence. The substantive objections that the probation officer rejected included objections to the consideration of conduct for which Nnanna had been convicted on state charges, the recommendation of a two-level downward adjustment for acceptance of responsibility instead of a three-level downward adjustment, and the calculation of the termination date of Nnanna's prior probation. The probation officer revised his original recommendation of a 27-month sentence downward and recommended that Nnanna receive a 24-month sentence.

At sentencing, the district court stated, "[a]side from the corrections already made, and a number of them were ministerial, but aside [sic] the corrections already made in the presentence investigation report, specifically the amended report, the matters not acted on in the defense motion are overruled. The PSI is adopted in its current form."

Nnanna argues on appeal that the district court violated Fed. R. Crim. P. 32(c)(3)(D) because it did not "clearly rule" on each of his written objections to the Pre-Sentence Investigation Report (PSR). The district court complied with Rule 32 when it rejected Nnanna's objections and specifically adopted the amended PSR. See United States v. Mora, 994 F.2d 1129, 1141 (5th Cir. 1993) (adoption of findings of PSR sufficient factual determination of quantity of drugs under Fed. R. Crim. P. 32).

Nnanna also urges on appeal that he should have received a lower sentence because he is an alien. After the district court had adopted the PSR, Nnanna's attorney requested that he be sentenced at the lower end of the guidelines because, as an alien under an order of deportation, he was ineligible for release to home custody or a half-way house. The attorney also urged that a lower sentence was appropriate due to the lack of federal prison space. The district court rejected his argument and sentenced Nnanna to a term of 24 months imprisonment, the maximum guidelines sentence.

Nnanna suggests that the district court abused its discretion when it imposed the maximum sentence under the guidelines. He argues that this has the effect of an upward departure because he will serve his sentence under more severe conditions than a citizen of this country.

"Review of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside of the applicable guideline range and was unreasonable." United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991) (citing 18 U.S.C. § 3742(e)). This Court will not review the district court's refusal to depart from the guidelines unless the refusal was in violation of the law. United States v. Mitchell, 964 F.2d 454, 462 (5th Cir. 1992).

The guidelines do not specifically address alienage. U.S.S.G. § 5H1.10, p.s., provides that national origin is irrelevant to the sentencing court's determination. Section

5H1.10 is not dispositive of the issue, because "alienage" and "national origin" are not synonymous.

The Court declines to consider Nnanna's argument to the extent that his appeal may be construed to allege that his sentence within the guidelines is too harsh due to his alien status. <u>Mitchell</u>, 964 F.2d at 462.

Nnanna's appeal may also be construed to allege that his sentence was imposed in violation of law because the district court should have departed downward due to his alien status. Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure. <u>See</u> <u>United States v. Restrepo</u>, 999 F.2d 640, 644 (2nd Cir. 1993), <u>petition for cert filed</u>, (U.S. Sept. 13, 1993) (No. 93-5968); <u>United States v. Alverez-Cardenas</u>, 902 F.2d 734, 737 (9th Cir. 1990); <u>United States v. Soto</u>, 918 F.2d 882, 884-85 (10th Cir. 1990).

AFFIRMED.