

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2002

# USA v. Colon

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Colon" (2002). *2002 Decisions*. Paper 547.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/547

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES OF AMERICA

v.

MAMERTO COLON,

Appellant


Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00178)
District Judge: Honorable Edwin M. Kosik


Submitted Under Third Circuit LAR 34.1(a)
August 2, 2002

Before: ROTH, RENDELL and AMBRO, Circuit Judges

(Opinion filed  August 30, 2002)

_____


OPINION

AMBRO, Circuit Judge

Mamerto Colon appeals his sentence, contending that the District Court erred under the United States Sentencing Guidelines ("U.S.S.G.") when it denied his request for a downward departure based on his status as a convicted deportable alien.  Because the record shows that the District Court believed it had the authority under the Guidelines to depart downward, but exercised its discretion not to do so, we shall dismiss Colon's appeal for lack of jurisdiction.

I.

After a jury trial, Colon was convicted of possession with intent to distribute in excess of five hundred grams of cocaine in violation of  841(a), and of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of  846.  At sentencing, Colon requested a downward departure pursuant to U.S.S.G.  5K2.0 on the ground that he was a convicted deportable alien subject to potential consequences not visited upon others convicted of the same offenses.  The District Court denied his request.  Without elaborating, the Court stated that "while [convicted deportable alien status] has been considered in some jurisdictions and not in the Third Circuit to the extent that I know, I agree with the government's position."  The Court then sentenced Colon at the lowest end of the applicable sentencing range, imposing concurrent sentences of fifty-one months for each offense.

II.

We have no jurisdiction to review a refusal to depart downward when a district court believes it has the authority to do so but exercises its discretion to find a departure unwarranted.  United States v. Evans, 49 F.3d 109, 111 (3d Cir. 1995); United States v.

Denardi, 892 F.2d 269, 272 (3d Cir. 1989). We do have jurisdiction, however, when a district court denies a downward departure request because it thinks it lacks authority to grant it. United States v. Marin-Casteneda, 134 F.3d 551, 554 (3d Cir. 1998).

When it is "impossible to discern from the record" whether the denial of a downward departure request was based on a presumed lack of authority or an exercise of discretion, our Court's practice is to "vacate the sentence and remand for the district court to clarify the basis for its ruling." United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994). Thus in Mummert we remanded because "the record [did] not make clear" why the District Court rejected the defendant's grounds for departing downward. Id. Similarly, in United States v. Powell, 269 F.3d 175 (3d Cir. 2001), we vacated the defendant's sentence and remanded because we had "no way of knowing why the district court denied the requested departure," as the Court "had not given any reason for denying [the defendant's] request." Id. at 179.

At Colon's sentencing hearing, the District Court did not explicitly say whether it believed it had the authority to depart downward based on Colon's immigration status. It did say, however, that it "agree[d] with the government's position," which was that a downward departure was not appropriate because it would reward Colon merely for being an alien. The Government did not argue that the Court lacked the authority to depart downward on this ground; indeed, it acknowledged that some courts outside the Third Circuit have granted downward departures for convicted deported aliens. This context indicates that when the District Court said it agreed with the Government's position, it thought that it could depart downward but deemed this an imprudent exercise of its discretion. The District Court's explanation of its ruling was "not sufficiently ambiguous as to require vacatur and remand." United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000).

Although the record here is adequate for us to understand the District Court's reasoning, it is better that district courts state explicitly whether they believe they have the authority to grant a downward departure when one is requested. See Mummert, 34 F.3d at 205 n.2 (explaining that our policy of remanding where the record is ambiguous as to the district court's reasoning is designed "to encourage district courts to make clear whether their departure rulings rest on legal or discretionary grounds"); see also United States v. Georgiadis, 933 F.2d 1219, 1222-23 (3d Cir. 1991) (holding that district court's failure to state clearly whether it believed it had authority to depart downward was not reversible error where court denied departure on discretionary grounds, but "urg[ing] district courts to make sentencing decisions express whenever possible, especially when a defendant has requested a downward departure from the Guidelines," to avoid "wasted resources on appeal and pointless remand"). With that caveat, we dismiss this appeal for lack of jurisdiction.


                              By the Court,

                                  /s/ Thomas L. Ambro
                              Circuit Judge