United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHUY J. ALCALA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1775-ALL
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Chuy J. Alcala appeals his guilty-plea conviction of possession with intent to distribute a quantity in excess of 50 grams of methamphetamine. Alcala argues that the district court reversibly erred in failing to rule on his request for a downward departure. He asserts that a court's failure to comply with FED. R. CRIM. P. 32(i)(3)(B) may be raised for the first time on appeal and requires resentencing. He contends that it is undisputed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court failed to rule on or make any findings with respect to his downward-departure motion.

By imposing a sentence within the guideline range immediately after hearing defense counsel's argument in favor of a downward departure, the district court implicitly denied the motion. See United States v. Como, 53 F.3d 87, 90 (5th Cir. 1995). The record does not indicate that the district court mistakenly believed it lacked authority to downwardly depart. Therefore, we lack jurisdiction to review the district court's implicit denial of Alcala's downward-departure motion. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

Alcala also argues that the district court abused its discretion and reversibly erred when it imposed the collection of his DNA as a condition of his supervised release. He argues that the version of the 42 U.S.C. § 14135a(d) in effect at the time of the offense did not include his crime of conviction. He asserts that the application of the amendment of that statute to include any felony conviction would violate the Ex Post Facto Clause. He further asserts that, even if DNA collection is not considered a punishment for purposes of the Ex Post Facto Clause, the application of the amendment to him violates general rules of retroactivity. Alcala's claim regarding collection of DNA on supervised release is not ripe for review. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005). We modify the judgment to vacate this condition of supervised release.

Finally, Alcala argues that, given the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), 21 U.S.C. § 841(a) and (b) are unconstitutional. He concedes that his argument is foreclosed under <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), but states that he wishes to preserve the issue for possible further review. We have specifically rejected the argument that <u>Apprendi</u> rendered the provisions of 21 U.S.C. § 841 unconstitutional. <u>See</u> <u>Slaughter</u>, 238 F.3d at 582; <u>see also</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 731 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005).

AFFIRMED AS MODIFIED.