**UNITED STATES of America, Plaintiff**

**v.**

**Jose Altagracia DIAZ–SANCHEZ, et al., Defendant(s).**

**Criminal No. 04–278 (JAG).**

United States District Court, D. Puerto Rico.

Feb. 27, 2008.

Ilianys Rivera–Miranda, United States Attorney's Office, San Juan, PR, for Plaintiff.

Ernesto Hernandez–Milan, Ernesto Hernandez Law Office, San Juan, PR, Michael Raymond Hasse, New London, CT, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Jose Altagracia Diaz–Sanchez's ("Petitioner") Motion to Reduce Sentence. (Docket No. 329). For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2005, Petitioner pled guilty to a conspiracy to possess with intent to distribute multi-kilograms of controlled substances. Petitioner, who is an alien to the United States, is currently serving a term of 135 months of imprisonment. The sentence imposed by this Court was made in accordance with the terms of a plea agreement, which was entered on October 24, 2005. Among other things, in said plea agreement Petitioner stipulated "not to request a sentence lower than ONE HUNDRED AND THIRTY FIVE MONTHS imprisonment." (Docket No. 157).

Nonetheless, on February 11, 2008, Petitioner filed a Motion to Reduce Sentence. Essentially, Petitioner seeks a downward departure of no more than six months of the sentence imposed by this Court. Petitioner alleges that his status as an alien subjects him to a longer period of imprisonment under more severe conditions that would apply to an United States citizen. Namely, Petitioner contends that because of his alien status he will be subject to the following collateral consequences: 1) he will not be eligible to serve his sentence in a camp facility, and 2) he will not be eligible to serve the last ten percent of his sentence in a halfway house or other community custody program including home confinement. Petitioner argues that pursuant to *United States v. Restrepo*, 802 F.Supp. 781 (E.D.N.Y.1992) the collateral consequences associated with his alien status justify the request for downward departure. (Docket No. 329). On February 21, 2008, the Government opposed Petitioner's request. (Docket No. 331).

## DISCUSSION

We interestingly note that the case cited by Petitioner was vacated and remanded by the Second Circuit Court of Appeals. In *United States v. Restrepo*, 999 F.2d 640 (2d Cir.1993), the Circuit Court held that the particular collateral consequences of the defendant's alienage did not serve as a valid basis for departure. Specifically the Court held that the following collateral consequences did not justify departure: "(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending

deportation following the completion of sentence, and (3) the effect of deportation as banishment from the United States and separation from family." *Id.* at 644; *see also United States v. Nnanna,* 7 F.3d 420, 422 (5th Cir.1993)("Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure.")

Similar to *Restrepo,* the collateral consequence that Defendant is subject to because of his alienage consists of the unavailability of preferred conditions of confinement. This collateral consequence does not justify Defendant's request for departure.

▮ Furthermore, Petitioner entered into a plea agreement which prohibited him from arguing for a downward departure of the stipulated 135 months. By filing the Motion to Reduce Sentence, Petitioner has ignored that a plea agreement is akin to a contract,[1] in that it works both ways because it is "binding upon the prosecution and the defense alike." *United States v. Rivera–Rodriguez,* 489 F.3d 48, 59 (1st Cir.2007). "Not only must the government comply with its terms and conditions, but so must [Petitioner]." *United States v. Carrara,* 49 F.3d 105, 107 (3d Cir.1995). "[D]efendants ordinarily should be held to plea-agreement terms that they knowingly and voluntarily accept." *United States v. Teeter,* 257 F.3d 14, 28 (1st Cir.2001). Ordinarily, when a defendant stipulates to a point in a plea agreement, he "is not in a position to make . . . arguments [to the contrary]." *United States v. Williams,* 510 F.3d 416, 422 (3d Cir.2007)(internal citations omitted). Especially, when the Court has accepted and acted upon the stipulation for sentencing purposes. *Rivera–Rodriguez,* 489 F.3d at 59.

▮ In the present case, the Court accepted and acted based on Petitioner's 135 month imprisonment term stipulation. Petitioner cannot come before this Court and argue that it should set aside the judgment in this case especially when he agreed not to seek a downward departure. Holding other wise "would make the current system of plea agreements untenable because it would render the concept of a binding agreement a legal fiction." *Williams,* 510 F.3d at 423.[2] "That result would be unworkable because our criminal justice system depends upon the plea agreement process." *Id.* As such, this Court holds that Petitioner cannot argue for a departure of the agreed upon 135 months of imprisonment.[3]

### CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Petitioner's Motion to Reduce Sentence. (Docket No. 329).

IT IS SO ORDERED.

---

1. The Seventh Circuit Court of Appeals has long held that a plea agreement is a contract. *United States v. Ataya,* 864 F.2d 1324, 1329 (7th Cir.1988).

2. "To hold anything else would be to reduce stipulations to mere inconsequential gestures." *United States v. Rivera–Rodriguez,* 489 F.3d 48, 59 (1st Cir.2007)(citing *United States v. Sandles,* 80 F.3d 1145, 1148 (7th Cir.1996)).

3. It is within a District Court's discretion whether it will grant a motion for downward departure. *United States v. Ortiz–Santiago,* 211 F.3d 146, 148 (1st Cir.2000). Ordinarily, "a defendant cannot appeal from the sentencing court's refusal to grant a downward departure." *United States v. Teeter,* 257 F.3d 14, 30 (1st Cir.2001).