### Pedro SILVERIO, Petitioner

v.

### UNITED STATES of America, Plaintiff.

### Criminal No. 03–178(JAG).

United States District Court, D. Puerto Rico.

May 1, 2008.

Manuel San–Juan–DeMartino, Manuel San Juan Law Office, San Juan, PR, for plaintiff.

Timothy R. Henwood, United States Attorney's Office, District of Puerto Rico, San Juan, PR, for defendants.

### MEMORANDUM AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Pedro Silverio's ("Petitioner") "Motion for Sentence Adjustment." (Docket No. 212). For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2003, Petitioner pursuant to a plea agreement pled guilty to a conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine, on board a vessel. Petitioner, who is an alien to the United States, is currently serving a term of 135 months of imprisonment.

On February 11, 2008, Petitioner filed a "Motion for Sentence Adjustment." Essentially, Petitioner seeks a downward departure of no more than six months of the sentence imposed by this Court. Petitioner alleges that his status as an alien subjects him to a longer period of imprisonment under more severe conditions that would apply to an United States citizen. Namely, Petitioner contends that because of his alien status he will be subject to collateral consequences among them the following: he will not be eligible to serve part of his sentence in a half-way house. Petitioner argues that pursuant to *United States v. Restrepo*, 802 F.Supp. 781 (E.D.N.Y.1992) the collateral consequences associated with his alien status justify the request for downward departure because he will serve his sentence under conditions more severe than those facing United States citizens under similar circumstances. (Docket No. 212).

## DISCUSSION

We interestingly note that the case cited by Petitioner was vacated and remanded by the Second Circuit Court of Appeals. In *United States v. Restrepo*, 999 F.2d 640 (2d Cir.1993), the Circuit Court held that the particular collateral consequences of the defendant's alienage did not serve as a valid basis for departure. Specifically the Court held that the following collateral consequences did not justify departure: "(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of sentence, and (3) the effect of deportation as banishment from the United States and separation from family." *Id.* at 644; *see also United States v. Nnanna,* 7 F.3d 420, 422 (5th Cir.1993)("Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may

incur following a federal conviction are not a basis for downward departure.")

Similar to *Restrepo,* the collateral consequence that Defendant is subject to because of his alienage consists of the unavailability of preferred conditions of confinement. This collateral consequence does not justify Defendant's request for departure. As such, Petitioner's Motion shall be denied.

## CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Petitioner's "Motion for Sentence Adjustment." (Docket No. 212).

IT IS SO ORDERED.