# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 28, 2010

No. 09-20596
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOEL MIRANDA JIMINEZ, also known as Joel Miranda Jimenez, also known as Joe Jimenez, also known as Joel Miranda Ramirez, also known as Alfredo Salgado,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 4:08-CR-512-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joel Miranda Jiminez pleaded guilty to illegally reentering the United States after having been removed following conviction for an aggravated felony. He seeks automatic re-sentencing because the district court erroneously believed that it was constrained by our precedent to deny a cultural assimilation downward departure because of his extensive, violent criminal history.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

At sentencing, the district court conducted a thorough review of the sentencing factors outlined in 18 U.S.C. § 3553(a) and the relevant case law. The district court concluded that Jiminez's motion for a downward departure should be denied in light of his history of violent offenses. Contrary to Jiminez's assertion, however, the district court did not state that our prior precedent *prevented* it from granting the motion. Rather, it treated those cases as persuasive authority and concluded that a downward departure was not warranted in this case. The district court's denial was not "based on the mistaken belief that the court lacked discretion to depart." *United States v. Garay,* 235 F.3d 230, 232 (5th Cir. 2000). Accordingly, we lack jurisdiction to review the district court's decision that a downward departure was unwarranted. *United States v. Thames*, 214 F.3d 608, 612 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.