# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2012

Lyle W. Cayce
Clerk

No. 11-20108
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO ROLANDO ESCAMILLA JASSO, also known as Arthur Rolando Escamilla, also known as Arurto Roland Escamilla, also known as Arthur R. Escamilla, also known as Arthur Roland Escamilla,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-448-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Arturo Rolando Escamilla Jasso (Escamilla) was convicted of being illegally present in the United States after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  He was sentenced within the Sentencing Guidelines to 70

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment.  He appeals his sentence, claiming that it is both procedurally and substantively unreasonable.

We review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  Our review is bifurcated.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We first determine whether the sentencing court committed a significant procedural error, such as failing to calculate or incorrectly calculating the guidelines range, treating the Guidelines as mandatory, failing to consider the factors in § 3553(a), basing the sentence on clearly erroneous facts, or failing to adequately explain the sentence.  *Id.*  If we conclude that the district court's decision is procedurally sound, we will then proceed  to review the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).

Although Escamilla contends that a presumption of reasonableness should not apply to his within-guidelines sentence because U.S.S.G. § 2L1.2, the illegal reentry Guideline under which he was sentenced, is not empirically based, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009) (addressing § 2L1.2 and the application of the presumption of reasonableness); *see also Mondragon-Santiago*, 564 F.3d at 366-67 (concluding on plain error review that the holding in *Kimbrough v. United States*, 552 U.S. 85 (2007), does not require courts to discard the presumption of reasonableness for sentences based on Guidelines that are not empirically grounded).

Escamilla also asserts that the district court "treated the Guidelines range as the presumptive and reasonable sentencing range," gave too much weight to the guidelines range and not to the sentencing factors set forth in § 3553(a), and

failed to explain adequately the sentence that it imposed. As he did not object in the district court on these grounds, we review his claim for plain error. *See Mondragon-Santiago*, 564 F.3d at 361. Accordingly, he must demonstrate an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If such a showing is made, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* As the record does not support Escamilla's assertions, he has failed to demonstrate that the district court committed a clear or obvious error.

Escamilla also contends that his sentence is unreasonable because the district court failed to take into account the "more severe restrictions imposed upon" him based on his status as an illegal alien, such as his inability to participate in particular rehabilitative programs, as well as the "unique circumstances" of his cultural assimilation. A defendant's status as a deportable alien cannot serve as a ground for a downward departure if the defendant is sentenced for an immigration offense of which his alien status is an element, as is the case here. *See United States v. Garay*, 235 F.3d 230, 232-34 & nn.13, 18, & 19 (5th Cir. 2000). Moreover, the district court was not required to give Escamilla's cultural-assimilation argument dispositive weight, so it did not abuse its discretion in refusing to do so. *See United States v. Rodriguez*, 660 F.3d 231, 234-35 (5th Cir. 2011) ("Although cultural assimilation can be a mitigating factor and form the basis for a downward departure, nothing requires that a sentencing court must accord it dispositive weight.") (internal quotation marks and citation omitted).

Escamilla has failed to demonstrate that his sentence is procedurally unreasonable or to rebut the presumption of reasonableness afforded his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, the judgment of the district court is AFFIRMED.