# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

Lyle W. Cayce
Clerk

No. 11-51115
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE EDUARDO AGUILERA, also known as Jose Eduardo Torres Aguilera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1032-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Eduardo Aguilera appeals the concurrent, 36-month prison sentences imposed following his guilty plea convictions for attempted illegal reentry and making a false claim to United States citizenship. As a threshold matter, Aguilera argues that a presumption of reasonableness should not apply to his within-guidelines sentences on appellate review because the applicable guideline, U.S.S.G. § 2L1.2, is not the result of empirical evidence and national experience. As Aguilera acknowledges, this argument is foreclosed. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51115

*States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Aguilera next contends that the district court made two legal errors during the sentencing hearing and that the errors prevented the court from properly considering § 2L1.2's lack of empirical basis. As to the first error, Aguilera observes that, during the sentencing hearing, the court incorrectly stated that there was rarely an empirical basis for any of the guidelines offense levels. As to the other error, he contends that the district court incorrectly stated that it could not consider § 2L1.2's lack of empirical foundation because this court had foreclosed the issue.

Aguilera's objection during the sentencing hearing that his sentences were "greater than necessary" did not call his instant claims of legal error to the district court's attention in a manner that allowed the court to correct itself; therefore, review is for plain error. *See Mondragon-Santiago*, 564 F.3d at 361. To prevail, he must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks and citation omitted).

Because the court's statements at sentencing are vague, unclear, and subject to interpretations other than those advanced by Aguilera, there is no plain error. *See id*. Even if plain error review were inapplicable, Aguilera could not prevail because district courts need not undertake "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines," *Duarte*, 569 F.3d at 530, and have the discretion "to consider the policy decisions behind the Guidelines, including the presence or absence of empirical data, as part of their [18 U.S.C.] § 3553(a) analyses." *Mondragon-Santiago*, 564 F.3d at 366.

The district court herein expressly considered the policy considerations behind the promulgation of the illegal reentry guideline; never indicated that for policy reasons or any other reason that it wished to impose a departure sentence, but could not, based on this court's precedent; determined that, in light of Aguilera's three prior deportations, he should have accepted that he was not a United States citizen at some point earlier than his instant offense; determined that the facts and circumstances of Aguilera's case did not fall outside the heartland of cases; and found that the advisory guidelines range was sufficient, but not greater than necessary, to achieve the § 3553(a) sentencing goals of deterring another illegal reentry conviction, promoting respect for the law, and ensuring the safety and welfare of the community.  Accordingly, as to these claims, Aguilera has shown no error, plain or otherwise.

Aguilera additionally argues that § 2L1.2's lack of empirical basis produced a flaw that resulted in the use of his prior burglary conviction to increase both his offense level and criminal history score.  Double counting is not prohibited unless expressly forbidden by the particular Guideline at issue.  *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).  Section 2L1.2, the Guideline at issue, does not prohibit the double counting of which Aguilera complains.  *See* § 2L1.2, comment. (n.6).  For these reasons, this claim fails.

Aguilera next argues that his 36-month prison terms are substantively unreasonable because § 2L1.2 is not based on empirical evidence and because the court failed to give adequate weight to his cultural assimilation, his ineligibility for certain prison programs, and the nature of his illegal reentry offense, which he compares to a regulatory or trespass offense.  Aguilera preserved his challenge to the substantive reasonableness of his sentences.  *See Mondragon-Santiago*, 564 F.3d at 361.

Aguilera's arguments do not show that the district court erred in balancing the § 3553(a) factors and instead reflect his disagreement with the propriety of his sentences and the weighing of those factors.  *See, e.g., Duarte*, 569 F.3d at

529-31 (addressing empirical evidence argument); *United States v. Rodriguez*, 660 F.3d 231, 234-35 (5th Cir. 2011) (addressing cultural assimilation); *United States v. Garay*, 235 F.3d 230, 232–34 & nn.13, 18, & 19 (5th Cir. 2000) (addressing alien status); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (addressing nature of illegal reentry offense).  He has failed to rebut the presumption of reasonableness attaching to his within-guidelines sentences on appellate review, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), or show that the district court abused its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Accordingly, the judgment of the district court is AFFIRMED.