# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2012

Lyle W. Cayce
Clerk

No. 12-20048
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SECUNDINO LUIS RODRIGUEZ, also known as Secundino Luis, also known as Luis Rodriguez Secundino, also known as Secundino Rodriguez Luis, Jr., also known as Secundino R. Luis,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4 : 4:11-CR-311-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Secundino Luis Rodriguez appeals the sentence imposed following his guilty-plea conviction for illegally reentering the United States after having been deported and convicted of an aggravated felony. He first claims that the 37-month sentence was "procedurally unreasonable" because the district court misconstrued the legal meaning of cultural

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assimilation in rejecting his request for a downward departure under U.S.S.G. § 5K2.0.

In general, we lack jurisdiction to review a district court's refusal to grant a downward departure. *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). Although an exception to the jurisdictional bar exists when the district court's refusal to depart violates the law, "[a] refusal to depart downward is in violation of law only if the district court's refusal is based on the mistaken belief that the court lacked the discretion to depart." *United States v. Garay*, 235 F.3d 230, 232 (5th Cir. 2000). The district court's comments at the instant sentencing hearing clearly indicate that the court was aware that it had the authority to depart, but that it chose not to do so. Accordingly, we lack jurisdiction to review Rodriguez's challenge to the district court's denial of the downward departure. *See Hernandez*, 457 F.3d at 424.

Rodriguez also contends that the district court substantively erred when it rejected his arguments in support of a lower sentence, and that the court misinterpreted the circumstances of his cultural assimilation because it imposed the element of lawfulness to his failure to assimilate. When, as here, the defendant fails to object to an error at sentencing, we review the district court's actions for plain error only. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring an objection to substantive unreasonableness of sentence in order to preserve error). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 556 U.S. at 135. If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court obviously considered the arguments in favor of mitigation that were made by Rodriguez's counsel. The court's comments at the sentencing hearing indicate that it balanced the circumstances in favor of

cultural assimilation against Rodriguez's criminal history. The court also noted that it had selected a sentence at the low end of the guidelines range based on counsel's arguments. As for the court's viewing Rodriguez's criminal history as evidence of his failure to culturally assimilate, Rodriguez has not shown that doing so constitutes clear or obvious error.

AFFIRMED.