**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 12-50275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 18, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO NEMATUTH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1449-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Pablo Nematuth pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 70 months of imprisonment and three years of supervised release. Nematuth argues that his sentence is unreasonable based on the particular facts of his case and as measured by the factors in 18 U.S.C. § 3553(a). He contends that the within-guideline sentence vastly overstates the seriousness of his illegal reentry offense, partly because of flaws in U.S.S.G. § 2L1.2 due to its lack of an empirical basis and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

double-counting of prior convictions. He asserts that the sentence is also greater than necessary to deter future crime and protect the public because it fails to account for his relatively short prior imprisonment, his new understanding of the consequences he faces for illegal reentry, and his status as an illegal alien. He argues that the district court made a clear error in judgment in balancing § 3553(a)'s sentencing goals. He further argues, in reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and he raises the argument to preserve it for possible review by the Supreme Court.

Although Nematuth did not expressly object at sentencing to the substantive reasonableness of his sentence, he did assert specific arguments in favor of a variance; his arguments then are substantially identical to his assertions on appeal. We do not need to decide whether Nematuth's arguments for a variance were sufficient to preserve the issues because Nematuth has not shown that the district court's imposition of a within-guidelines sentence of 70 months was improper under either the deferential *Gall* standard of review or the plain-error review of *Peltier*. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

As he so concedes, Nematuth's argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court. *See Duarte*, 569 F.3d at 529-31 (rejecting the notion that this court should examine the empirical basis behind each Guideline before applying the presumption of reasonableness). Nematuth's argument that his guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" is unavailing. The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* § 2L1.2, comment. (n.6). We have also rejected the argument that such double-counting necessarily renders a sentence

unreasonable. *See Duarte*, 569 F.3d at 529-31. We have previously rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Nematuth's "status as a deportable alien, as an inherent element of his crime, has already been considered by the Commission in formulating the applicable guideline." *United States v. Garay*, 235 F.3d 230, 233 (5th Cir. 2000). Regarding his contention that his offense was not on a par with the other serious offenses listed in § 2L1.2(b)(1)(A)(ii), such as murder, rape, and arson, the presentence report notes that Nematuth came up behind the victim, grabbed her pocketbook and continued to pull, causing the victim to fall to the ground, and the district court noted the element of violence against the victim. Nematuth does not cite any authority from this circuit requiring the district court to consider whether the 70-month sentence was proportionate in light of his previous sentences.

The district court heard the arguments of Nematuth and his counsel for a variance before imposing a sentence within the advisory guideline range. The district court considered Nematuth's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Nematuth's extensive criminal history, prior to imposing a sentence within the Guidelines. Nematuth's within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Nematuth has failed to show that the presumption should not apply. The district court did not abuse its discretion, much less plainly err, in imposing a sentence within the advisory guideline range. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). Accordingly, the judgment of the district court is AFFIRMED.