# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARTIN ZAVALA-ACOSTA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-476

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Martin Zavala-Acosta pleaded guilty to one count of illegal reentry and received a within-guidelines sentence of 57 months of imprisonment and a three-year term of supervised release. On appeal, Zavala-Acosta argues that: (1) the district court committed procedural error when it failed to articulate why it denied his request for a downward departure under U.S. Sentencing Guidelines § 5H1.4 based on his ankle injury; and (2) his sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because it was greater than necessary to satisfy the sentencing goals under 18 U.S.C. § 3553(a).

We engage in a bifurcated review of the sentence imposed by the district court, first considering whether the district court committed a "significant procedural error," such as "failing to adequately explain the chosen sentence" and then reviewing the substantive reasonableness of the sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Zavala-Acosta concedes that our review is for plain error because he failed to object below.[1] *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Zavala-Acosta must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Zavala-Acosta argues that the district court procedurally erred by not conducting additional fact-finding and not explaining its rationale in denying his request for a downward departure under § 5H1.4. We have jurisdiction to review a district court's refusal to depart downward "only if the district court's refusal is based on the mistaken belief that the court lacked discretion to depart." *United States v. Garay*, 235 F.3d 230, 232 (5th Cir. 2000). "The jurisdictional bar applies even where the district court responds to a request for downward departure with a 'summary denial without explanation' or with an implicit denial by imposing a Guideline sentence." *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006) (citation omitted). Zavala-Acosta does not allege, and the record does not reflect, that the district court

---

[1] Because we hold that the district court did not err, let alone plainly err, our result would be no different if we reviewed for abuse of discretion rather than plain error.

misunderstood the scope of its discretion in considering Zavala-Acosta's motion for a downward departure under § 5H1.4. Accordingly, we lack jurisdiction to hear Zavala-Acosta's claim of procedural error.

As to Zavala-Acosta's claim that his sentence was substantively unreasonable because it failed to take his ankle injury into account, a within-guidelines sentence is presumptively reasonable. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Zavala-Acosta's ankle injury was discussed at sentencing and the district court determined that a sentence at the bottom of Zavala-Acosta's guidelines range was appropriate. There was no indication that the injury rose to the level warranting a below-guidelines sentence. *See* U.S.S.G. § 5H1.4; *Rodriguez*, 523 F.3d at 526. Zavala-Acosta is essentially asking us to reweigh the § 3553(a) factors, but "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Zavala-Acosta has not shown that his sentence was substantively unreasonable. *See id.*; *Rodriguez*, 523 F.3d at 525-26.

AFFIRMED.