# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2016

Lyle W. Cayce
Clerk

No. 15-11062
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY CURRY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-151-8

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jerry Leland Curry, Jr., challenges the district court's denial of his motion to withdraw his guilty plea. We accord broad discretion to the district court's decision. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). "[A] defendant may withdraw a guilty plea after the court has accepted it, but prior to sentencing, only if he 'can show a fair and just reason for requesting the withdrawal.'" *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11062

(quoting FED. R. CRIM. P. 11(d)(2)(B)).  Curry disagrees with the district court's assessment of the *Carr* factors and points to specific facts in support of his own assessment of those factors. We find no abuse of discretion, as Curry has not shown that the district court denied the motion based on an error of law or a clearly erroneous factual finding.  *See Harrison*, 777 F.3d at 234; *Carr*, 740 F.2d at 344.

Curry also challenges his 300-month within-guidelines sentence as procedurally and substantively unreasonable.  Sentencing challenges raised for the first time on appeal are reviewed for plain error.  *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007); *see Puckett v. United States*, 556 U.S. 129, 135 (2009).  A sentencing court commits procedural error when, inter alia, it improperly calculates the advisory guidelines range or fails to consider the 18 U.S.C. § 3553(a) factors.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Curry has not demonstrated any procedural error or, in light of the district court statement that it would impose a 300-month sentence even if it erred in its guidelines calculation, that the alleged error affected his substantial rights. *See United States v. Garay*, 235 F.3d 230, 232 (5th Cir. 2000); *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).  Nor has Curry rebutted the presumption that his sentence is substantively reasonable.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.