# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51189
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK DEWAYNE COOPER, also known as Red, also known as Derrick Cooper,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-189-11

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

Derrick Dewayne Cooper pleaded guilty without a plea agreement to conspiring to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). The district court imposed a within-guidelines sentence of 84 months in prison,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

five years of supervised release, a $ 1000 fine, and the mandatory $ 100 special assessment.

Cooper contends that the district court erred in denying him an offense level adjustment or reduction under U.S.S.G. § 3B1.2 (Nov. 1, 2014), for his minor or minimal role in the offense. Although Cooper employs them interchangeably, the terms "reduction" or "downward adjustment," "downward departure," and "downward variance" are not synonymous. *See* U.S.S.G. § 1B1.1(a)-(c) (Nov. 1, 2014); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Because Cooper is represented by counsel on appeal, his brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Cooper has not adequately briefed and, thus, has abandoned any argument that the district court erred by refusing to depart downwardly or vary from the advisory guidelines range based on his mitigating role in the offense. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also* FED. R. APP. P. 28(a)(8).

At sentencing, Cooper confirmed that he was not seeking a § 3B1.2 adjustment but, instead, was seeking a downward departure or variance based on his role in the offense. Accordingly, we review his appellate argument for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). "Whether a defendant was a minor or minimal participant is a factual determination." *United States v. Gomez-Valle*, ___ F.3d ___, No. 15-41115, 2016 WL 3615688, at 2 (5th Cir. July 5, 2016). Whether Cooper waived or merely forfeited his argument, he cannot show error because waived error is completely unreviewable, *see United States v. Ceballos*, 789 F.3d 607, 613 (5th Cir. 2015), and "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error," *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

No. 15-51189

Next, Cooper argues that the district court erred by failing to expressly rule on his objection to the denial of a downward departure based on his mitigating role in the offense. Because Cooper did not object to this alleged failure in the district court, ordinarily we would review this issue for plain error. *See Puckett*, 556 U.S. at 135. However, unless the record indicates that the district court held an erroneous belief that it lacked authority to depart, this court will not review a district court's refusal to depart downwardly. *United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006). We have extended this review bar to include arguments that the district court failed to expressly rule on or state its reasons for denying a motion for a downward departure. *See, e.g., United States v. Zavala-Acosta*, No. 15-50154, 2016 WL 1295116, at 1 (5th Cir. Apr. 1, 2016) (unpublished); *United States v. Alcala*, 165 F. App'x 333, 334 (5th Cir. 2006) (unpublished). Under the Sentencing Guidelines, the district court was prohibited from departing downwardly based on Cooper's mitigating role in the offense. *See* U.S.S.G. § 5K2.0(d)(3) (Nov. 1, 2014). Thus, any belief by the district court that it lacked authority to depart was not erroneous. *Cf. Hernandez*, 457 F.3d at 424 n.5. Accordingly, we do not review Cooper's claim of error.

AFFIRMED.