# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

Lyle W. Cayce
Clerk

No. 11-20610
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE ALFREDO JACOME MARTINEZ, also known as Jose Alfredo Jacome-Martinez, also known as Jose Jacome Martinez, also known as Oscar Jacome,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-274-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Alfredo Jacome Martinez (Jacome) appeals his bottom-of-the-guidelines range, 46-month sentence of imprisonment imposed following his guilty plea to being unlawfully found in the United States following deportation and after his conviction for an aggravated felony. Ordinarily, we review sentences for procedural error and for substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Unpreserved errors are reviewed for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Jacome argues that the 16-level enhancement of his offense level based on his prior conviction resulted in a grossly disproportionate sentence that violates the Eighth Amendment's prohibition against cruel and unusual punishment. This sentence, at the lowest end of the guidelines range, is not grossly disproportionate to the gravity of his offense and, thus, does not violate the Eighth Amendment. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).

In asserting an equal protection violation, Jacome argues for the first time on appeal that the illegal entry Guideline results in the application of a charge-based system as well as unwarranted disparities and discrimination against the poor and uneducated. He also contends for the first time that an equal protection violation results because fast-track programs for illegal reentrants are available in some, but not all districts. These arguments are reviewed for plain error. *Puckett*, 556 U.S. at 135. The application of the 16-level enhancement does not violate equal protection because it treats equally all persons with qualifying serious prior offenses who commit an illegal reentry offense. *See Cardenas-Alvarez*, 987 F.2d at 1134. This court has rejected Jacome's contention that the existence of fast-track districts creates an unwarranted sentencing disparity and violates equal protection. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).

Jacome argues that his sentence is unreasonable because the district court failed to evaluate factors such as his family ties, work, and limited criminal history, which showed that his guidelines sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He complains for the first time that the district court treated the Guidelines as mandatory and that there is no scientific evidence to support the need for the enhanced sentences for individuals who illegally reenter the United States.

2

The district court considered the arguments of the parties and stated that it had reviewed Jacome's objections, including his argument that his family ties and work circumstances should be considered as factors in his reentering illegally, but rejected those reasons when it denied his request for a below-guidelines sentence. The imposition of a sentence within the properly calculated guidelines range did not render the sentence substantively unreasonable. *See Gomez-Herrera*, 523 F.3d at 565-66. The court did not plainly err in rejecting Jacome's argument that the lack of scientific evidence supporting the Guideline serves to rebut the presumption of reasonableness afforded a within-guidelines sentence. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Nor is there any indication in the record that the district court plainly erred by treating the Guidelines as mandatory.

Jacome's contention that he will serve a harder time in prison because there is no rehabilitation available to illegal aliens in prison was rebutted by the probation office's response to this objection, which was adopted by the district court. Jacome has not provided any authority for his argument that the district court should have imposed a lesser sentence in light of the expense of his incarceration to the Government, which is not a factor included in § 3553(a) and is without significance under the Guidelines. The district court did not err in rejecting these arguments.

The record reflects that the district court considered the advisory Guidelines and the § 3553(a) factors. Jacome has not shown that the district court abused its discretion or plainly erred by failing to take into account a significant factor or that it gave significant weight to an irrelevant or improper factor. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008). Jacome failed to rebut the presumption that his sentence at the bottom of the sentencing guidelines range was substantively reasonable. *Id*. The sentence is AFFIRMED.